IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DWIGHT COX, )<br>8245 East Branch Drive )<br>Brandywine, MD 20613, )<br>               Plaintiff, )<br> )<br>v. )<br> )<br>METROPOLITAN PROTECTIVE )<br>SERVICES, INC. )<br>4500 Forbes Boulevard, Suite 440 )<br>Lanham, MD 20706 )<br> )<br>and )<br> )<br>NATIONAL HARBOR WATERFRONT )<br>L.C. )<br>Office of Public Safety )<br>251 Mariner Passage, )<br>Oxon Hill, MD 20745 )<br>               Defendants. | Case number: |

**COMPLAINT**
(Jury Trial Demanded)

COMES NOW Plaintiff, Dwight Cox by his undersigned counsel and brings this suit against Defendants Metropolitan Protective Services, Inc. and National Harbor Waterfront L.C. (Defendants) and states for cause as follow:

JURISDICTION AND VENUE

1. This is a suit to obtain relief for race discrimination under Title VII of the Civil Rights Act of 1964, as amended. This suit further seeks to obtain relief for disability discrimination under the Americans with Disabilities Act. The Plaintiff alleges the Defendant subject his to unlawful disparate treatment because of his race and disability, African American. He seeks relief under 42 U.S.C. § 1983, for violation of his civil rights.

1

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4) and 28 U.S.C. §§ 2201 and 2202.

3. Venue is proper in that the alleged act occurred in Prince George's County, Maryland.

## PARTIES

4. Plaintiff Dwight Cox is an adult citizen of the State of Maryland who resides in Prince George's County, Maryland.

5. Defendant Metropolitan Protective Services, Inc., is a corporation with is principal place of business located in the State of Maryland.

6. Defendant National Harbor Waterfront L.C. is a company with its principal place of business located in the State of Maryland.

## ADMINISTRATIVE REMEDIES

7. Plaintiff filed with the Maryland Commission on Civil Rights ("MCCR") a Charges of Discrimination (Charge No. 12F-2019-00465 and Charge No.: 12F-2019-00435) against Defendants. The Charge alleged a claim for disability discrimination and retaliation.

8. The Equal Employment Opportunity Commission (EEOC) issued a Dismissal and Notice of Rights ("Right to Sue Letter") for both charges on May 25, 2021.

9. Plaintiff received the Right to Sue Letters on May 28, 2021.

10. Plaintiff initiated this action within 90 days of receipt of the Right to Sue Letter.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTUAL ALLEGATIONS

12. Plaintiff is a 50-year-old African American male, who was employed with Defendant Metropolitan Protective Services, Inc. (hereinafter "Defendant MPS") on or about August 7, 2018.

13. At all times relevant to this suit, Plaintiff was around 47 years old.

14. Through Defendant MPS, Appellant was contracted to and began co-employment with Defendant

National Harbor Waterfront L.C. ("Defendant National Harbor") on or about November 1, 2018 as a Project Manager.

15. At all times relevant to this case, both companies were considered joint employers to Plaintiff.

16. Defendant National Harbor had the authority to hire and fire, supervise, discipline, and set conditions of Plaintiff's employment.

17. Plaintiff's supervisor with Defendant MPS was Carolyn Blake and his supervisor with Defendant National Harbor was Bill Dunston.

18. Plaintiff' currently, and at all relevant time material to this case, possesses physical and mental disabilities that substantially limit his ability to perform one or more major life activities. Both Defendants were and are aware of Plaintiff's disabilities, and eligibility to ADA protections, during the duration of his employment.

19. Despite knowledge of Plaintiff's race, age, and disability status, Defendants subject Plaintiff to discriminatory and retaliatory conduct.

20. For example, on or about November 21, 2018, Plaintiff was belittled by Mr. Dunston in front of his subordinates for attempting to obtain a reasonable accommodation for an employee and opposing discriminatory practices that he observed with respect to discipline of minority employees and favorable treatment of Caucasian and Afghan employees.

21. During this interaction between Mr. Dunston and Plaintiff, Mr. Dunston further threaten to terminate the employee, "We need to get some bodies in here ASAP, I don't want anybody retired or with a retired mindset. I would rather have someone younger, motivated, and ready to work."

22. Ms. Blake agreed with Mr. Dunston, and further stated, "We do things differently here at the National Harbor."

23. These statements were directed both at Plaintiff and the employee given that they are both over the age of 40.

24. On or about November 21, 2018, Plaintiff became aware than he was also being discriminated against in terms of compensating.

25. Specifically, Major Gary Thompson is a similarly situated, younger (under the age of 40), non-disabled, Caucasian employee.

26. Plaintiff and Major Thompson perform duties that are substantially similar in skill, effort, and responsibility and are performed under similar working conditions within the same establishment.

27. However, Plaintiff is being compensated substantially less than Major Thompson.

28. Additionally, Captain Ahma Habibi is of Caucasian Afghan descent, younger (under the age of 40), and non-disabled.

29. Captain Habibi is of lower rank than Plaintiff. However, he is being compensated substantially higher than Plaintiff.

30. On or about December 17, 2018, Ms. Blake an Mr. Dunston refused to honor Plaintiff's reasonable accommodation for his disabilities.

31. Specifically, Plaintiff's disabilities prevent him from being physically able to work strenuous and long shifts.

32. As a result, whenever his disability prevents him to work these shifts, he finds a replacement to cover the extra hours of his shifts.

33. Both Defendants were and are aware of Plaintiff's disabilities and the accommodations needed.

34. On December 17, 2018, Ms. Blake and Mr. Dunston assigned Plaintiff to work 18 hours straight.

35. Given that Plaintiff's disabilities prevent him working such long shifts or risk exacerbating his disabilities, Plaintiff found someone to cover six hours of the shift.

36. Ms. Blake and Mr. Dunston refused to allow Plaintiff this accommodation without any explanation as to how the accommodation would be unduly burdensome to Defendants.

37. On or about December 30, 2018 Plaintiff filed an internal discrimination complaint with both

Defendants regarding the above discriminatory conducts.

38. As a result, Defendants reassigned Plaintiff to a less desirable worksite.

39. ON or about January 4, 2019, Plaintiff notified Defendant MPS that he was filing a charge of discrimination with the Maryland Commission of Civil Rights.

40. That same evening, Plaintiff was terminated by both Defendants.

## CAUSES OF ACTIONS

### COUNT I: DISABILITY DISCRIMINATION

41. Plaintiff hereby realleges the foregoing paragraphs as if fully stated herein.

42. Plaintiff is a qualified individual that suffers from physical and mental disabilities that substantially limits his ability to perform one or more major life activities.

43. Both Defendants have actual knowledge of Plaintiff's disabilities, and eligibility to ADA protections, during the duration of his employment.

44. Defendants intentionally denied Plaintiff of reasonable accommodations and exacerbated Plaintiff's disabilities.

45. Additionally, non-disabled employees received higher compensation that Plaintiff.

46. Defendants are liable to Plaintiff for disability discrimination.

### COUNT II: RACE DISCRIMINATION

47. Plaintiff hereby realleges the foregoing paragraphs as if fully stated herein.

48. Plaintiff is a member of a protected class.

49. Plaintiff is an African American male employee.

50. Defendants have actual knowledge that Plaintiff is qualifies as a member of a protected class.

51. Similarly situated Caucasian and Caucasian, Afghan employees received substantially higher compensation than Plaintiff.

52. Defendants are liable to Plaintiff for race discrimination.

## COUNT III: AGE DISCRIMINATION

53. Plaintiff hereby realleges the foregoing paragraphs as if fully stated herein.

54. Plaintiff is over the age of 40 year.

55. Defendants belittled and made discriminatory comments regarding to Plaintiff regarding his age in front of his subordinates in terms of "We need to get some bodies in here ASAP, I don't want anybody retired or with a retired mindset. I would rather have someone younger, motivated, and ready to work," which was agreed upon by Ms. Blake stating "We do things differently here at the National Harbor."

56. Additionally, Plaintiff was being compensated significantly less than younger, similarly situated employees.

57. Defendants are liable to Plaintiff for age discrimination.

## COUNT III: RETALITION

58. Plaintiff hereby realleges the foregoing paragraphs as if fully stated herein.

59. Plaintiff participated in a protected activity.

60. Specifically, Plaintiff filed an internal complaint for discrimination with both Defendants.

61. As a result of Plaintiff's complaint, he was reassigned to a less desirable work location.

62. Additionally, Plaintiff reported that he was filing a complaint with the Maryland Commission of Civil Rights.

63. The same day Plaintiff reported that he was filing the complaint, he was terminated from both positions.

64. Defendants are liable to Plaintiff for retaliation.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests the entry of judgment, against Defendant pursuant to an Order awarding:

　　a.　Compensatory damages and nominal damages to be determined by the trier of fact;

b. Punitive damages to be determined by the trier of fact;

c. Declaratory and injunctive relief;

d. That relief which is fair, just, and equitable under the circumstances of this case;

e. Reasonable attorney's fees; and

f. The cost of this suit

PLAINTIFF REQUESTS A TRIAL BY STRUCK JURY

Respectfully submitted this 23rd day of August 2021.

*/s/ Charles Tucker, Jr.*
Charles Tucker, Jr.
TuckerMoore Group
8181 Professional Pl. Suite 207
Hyattsville, MD 20785
charles@tuckerlawgroupllp.com
301-577-1175

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 23rd day of August, 2021, a copy of Plaintiff's Complaint was served electronically and filed this 23rd day of August, 2021 on:

METROPOLITAN PROTECTIVE SERVICES, INC.
4500 Forbes Boulevard, Suite 440
Lanham, MD 20706

NATIONAL HARBOR WATERFRONT L.C.
Office of Public Safety
251 Mariner Passage,
Oxon Hill, MD 20745

/s/ Charles Tucker Jr.
Charles Tucker, JR.
Tucker Moore Law Group
Senior Partner
8181 Professional Place, STE 207
Hyattsville, Maryland 20785
Direct: 301-577-1175
charles@tuckerlawgroupllp.co